UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAX RECORDS LTD, RACHAEL CAIN, and PHUTURE TRAX INC.<br><br>　　　　　Plaintiffs,<br>　v.<br>SANDYEE SHERMAN<br><br>　　　　　Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**Demand for Jury Trial** |

　　　　1.　　Plaintiffs TRAX RECORDS, LTD ("TRAX") incorporated in the State of Louisiana; RACHAEL CAIN ("CAIN") a resident of Chicago, Illinois; and PHUTURE TRAX, INC. ("PHUTURE") incorporated in the State of Illinois (together "Plaintiffs"), by their undersigned attorney, for their Complaint against Defendant SANDYEE SHERMAN (aka Irene Mayzels Barnes, Sandyee Mayzels, Irene Barnes, Irene Mayzel, Sandee Sherman), ("SHERMAN") a resident of Chicago Ridge, Illinois, allege as follows:

### INTRODUCTION

　　　　2.　　Defendant is knowingly using Plaintiff's trademark TRAX RECORDS™, solely owned by Plaintiff CAIN, (Registration Numbers 3466156 and 3466459) with its first use in commerce August 1988 and 1985.

　　　　3.　　Defendant SHERMAN, the widow of Larry Sherman, CAIN's ex-husband, has used and authorized use of the trademark TRAX RECORDS, reportedly under the belief that she has authority over the estate of her late husband and reportedly under the false belief that she has a right to use the trademark despite the governing law in this matter, when the attached affidavit

1

shows that Larry Sherman's daughter is claiming heirship rights.  (See Exhibit "A")

4. Notwithstanding Plaintiffs issuing a cease and desist letter to Defendant upon discovery of the trademark violations, Defendants continue to use the trademark causing Plaintiffs' irreparable injury.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for direct, contributory, and vicarious trademark infringement under the Lanham Trademark Act, 15 USC §1051, *et seq*. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. §1331.

6. This Court has personal jurisdiction over Defendant because, among other things, Defendant is engaged in tortious conduct within this State and District, including by using Plaintiffs' trademark throughout the world and within the United States and this State.  Plaintiffs additionally aver that, among other things, (a) Defendant or her agents are doing or have been doing business continuously in this State and District, (b) a substantial part of the wrongful acts committed by Defendant has occurred in interstate commerce, in this State and District, and (c) Defendant's conduct caused injury to, and is directed at, Plaintiffs and registered intellectual property within the United States and this State.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## THE PARTIES

8. Plaintiff TRAX is a Louisiana Corporation with its registered principal place of business located at 2400 Veterans Memorial Blvd., Ste 510, Kenner, Louisiana.

9. TRAX is an independent music marketing and publishing company.

10. TRAX controls and administers the trademark TRAX RECORDS for Plaintiffs

CAIN and PHUTURE.

11. PHUTURE controls and administers the trademark PHUTURE TRAX jointly with TRAX.

12. The trademark TRAX RECORDS is solely owned by Plaintiff CAIN (Registration Numbers 3466156 and 3466459).

13. The trademark PHUTURE TRAX is solely owned by Plaintiff CAIN (Serial Number 97669690, formerly Registration Number 3590325).

14. SHERMAN is an individual that is engaged in the production and exploitation of music and artists operating under the name TRAX RECORDS, Inc.

## FACTUAL BACKGROUND

15. The trademark TRAX RECORDS is solely owned by CAIN (Registration Numbers 3466156 and 3466459) with first use in commerce August 1988 and 1985, respectively.



16. The trademark PHUTURE TRAX is solely owned by registrant CAIN (Serial Number 97669690, formerly Registration Number 3590325) with first use in commerce August 2005.

# PHUTURE TRAX

17. PHUTURE TRAX was originally registered by CAIN with the Patent and Trademark Office on March 17, 2009.

18. Both TRAX RECCORDS and PHUTURE TRAX trademark registrations (the "Trademarks") have never been challenged or contested by SHERMAN or any other party.

19. Defendant SHERMAN has not acknowledged Plaintiff's cease and desist demand letter sent via Certified Mail on November 15, 2022 and emailed on November 16, 2022. The letter informed SHERMAN that she was infringing on Plaintiff's 's trademark, requested that SHERMAN immediately discontinue use of Plaintiff's trademark, and also informed SHERMAN that Plaintiffs would take necessary legal action. (S*ee* Exhibits "B" and "C")

20. Use of Plaintiff's trademark TRAX RECORDS by the Defendant came to Plaintiffs' attention from a Press Release issued by Defendant, through her promoter Greg Roselli dated September 6, 2022, displaying the registered TRAX RECORDS trademark. (*See* Exhibit "D")



21. Use of Plaintiffs' trademarks TRAX RECORDS and PHUTURE TRAX by the Defendants came to Plaintiff's attention when TRAX 2 the PHUTURE was commercially used in October 2022 with identical use of font size, word configuration, and PMS Pantone color combinations in attempts to generate an independent revenue stream away from Plaintiff's and creating the likelihood of consumer confusion.



22. Plaintiffs used the colorable imitation of Plaintiff's Trademarks in advertising and promoting a House Music festival in Amsterdam, The Netherlands. TRAX 2 The PHUTURE! @ Our House | ADE (amsterdam-dance-event.nl)

23. Plaintiff s' TRAX RECORDS LTD website shows TRAX RECORDS as "THE ORIGINAL HOME OF HOUSE MUSIC." (https://www.traxrecords.net)

TRAX RECORDS
THE ORIGINAL
HOME OF HOUSE
MUSIC

24. TRAX RECORDS and PHUTURE TRAX are registered trademarks for use in musical sound, audio and video recordings.

25. Defendant's use of the colorable imitation of Plaintiffs Trademarks in combination with the use of TRAX RECORDS in promoting a TRAX RECORDS artist on a House music panel further establishes a likelihood of consumer confusion.

We will discuss how the NFT market will revolutionize music with TRAX Records leading the way, putting the music and money back in the hands of the legendary and up and coming artists of the future.

Panel to include:
DJ Pierre - TRAX Records/PHUTUR TRAX/Afro Acid Muzik
Robert Owens - Artist/Producer/Writer/DJ
Karl Oliver Goedicke - Hypery AG CEO and founder of Hypery
Jakob Deichmann - Hypery AG COO and founder of Hypery
Greg Roselli - Rights Incorporated responsible for the restructure of TRAX Records in partnership with the artists

26. Defendant's promoter Rights, Inc. continues to use Plaintiff's registered trademark TRAX RECORDS on this website to promote the services of Sherman. (www.rightinc.com)

## COUNT I

### TRADEMARK VIOLATION

### [Against All Defendants]

27. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 26, inclusive.

28. Based on the conduct alleged herein, Defendants have infringed Plaintiffs' Trademarks, in violation of the Lanham Act, 15 USC §1051, *et seq.*

29. Defendant's acts of violation are willful, in disregard of and with indifference to, the rights of Plaintiffs.

30. As a direct and proximate result of the violation by Defendant, Plaintiffs are entitled to damages and to Defendant's profits in amounts to be proven at trial, and which are not currently ascertainable. Alternatively, Plaintiffs are entitled to maximum statutory damages.

31. Plaintiffs are further entitled to its attorneys' fees and full costs

32. As a result of Defendant's acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis avers, that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiffs' rights. Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

33. A plaintiff seeking preliminary injunctive relief normally must satisfy a four-factor test: (1) likely to succeed on the merits of the claims; (2) likely to suffer irreparable harm without preliminary relief; (3) the balance of equities between the parties support an injunction; and (4)

the injunction is in the public interest. However in trademark cases, "[t]he several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title. A plaintiff seeking any such injunction shall be entitled to a *rebuttable presumption* of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order." (15 U.S.C. § 1116(a))(*emphasis added*).

## CONCLUSION

34. Defendant is knowingly and intentionally using one or more of Plaintiffs' Trademarks. Specifically, Plaintiffs have obtained evidence demonstrating (1) Defendant is engaged in promoting, advertising, displaying, distributing, offering for sale, and selling goods and services on Plaintiffs' Trademarks and brand; and (2) Defendant accomplishes this by using the Plaintiffs' actual trademark TRAX RECORDS, and by the combined use of TRAX RECORDS and PHUTRE TRAX in a manner which so resembles Plaintiffs' registered marks as to likely cause confusion or mistake or to deceive.

35. Defendant's unlawful activities have deprived, and continue to deprive, Plaintiffs of the right to determine the manner in which her trademarks are presented to the industry and to the public. Defendant wrongfully capitalizes on Plaintiffs' reputation and goodwill and the commercial value of the trademarks. Defendant is also defrauding the consuming public for her own benefit. Defendant should not be permitted to continue the unlawful activities which are

causing Plaintiffs ongoing irreparable harm. Accordingly, Plaintiffs are seeking entry of an ex parte preliminary injunction order prohibiting Defendants' further wrongful use of Plaintiff's trademarks.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. For a preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, representatives, affiliated companies and other business entities, successors, assigns, and those acting in concert with them or at their direction, from directly or indirectly infringing in any manner any right in and to the Trademarks, including without limitation by directly or indirectly reproducing the Trademarks, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner the Trademarks;

2. For Defendants' profits and for damages in such amount as may be determined; alternatively, for maximum statutory damages, or for such other amount as may be proper pursuant to 15 USC §1051, *et seq*.

3. For Plaintiffs' attorneys' fees and full costs;

4. For prejudgment interest according to law; and

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

| | |
|---|---|
| DATED: New Orleans, LA<br>January 24, 2023 | SCOTT J. SPIVEY ESQ. APLC<br><br>By: /s/ Scott Spivey<br>Scott Spivey (scott@spiveyesq.com)<br>412 Dauphine St., 4B<br>New Orleans, LA 70112<br>Telephone: (504) 388-3243<br>Facsimile: (504) 930-4857<br><br>*Attorney for Trax Records, LTD;*<br>*Rachael Cain, and Phuture Trax, Inc.* |