## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TRAX RECORDS, LTD. ET AL.**                    **CIVIL ACTION**

**VERSUS**                                        **NO: 23-308**

**SANDYEE SHERMAN**                               **SECTION "H"**


## ORDER AND REASONS

Before the Court is Defendant Irene Mayzels Barnes's Motion to Dismiss (Doc. 9). For the following reasons, this Motion is **GRANTED.**


## BACKGROUND

This case arises out of a trademark dispute. Plaintiffs Trax Records, LTD, Rachael Cain, and Phuture Trax Inc. allege that Defendant Irene Mayzels Barnes[1] infringed upon Plaintiffs' trademarks, in violation of the Lanham Act. There are two trademarks at issue. Plaintiff Trax Records, Ltd. is a Louisiana corporation with its principal place of business in Louisiana which controls and administers the trademark TRAX RECORDS ("Trax Records Trademark").[2] Plaintiff Phuture Trax Inc. controls and administers

---

[1] Irene Mayzels Barnes was sued as Sandyee Sherman. For the purposes of this motion, the Court will refer to Defendant Irene Mayzels Barnes.

[2] Doc. 1 at 3. The Trax Records Trademark has United States Patent and Trademark Office Registration Numbers 3466156 and 466459.

the trademark PHUTURE TRAX ("Phuture Trax Trademark").[3] Plaintiffs allege that Rachael Cain is the sole owner of both trademarks.

Plaintiffs Complaint alleges Defendant infringed the trademarks on three specific and distinct occasions. First, in September 2022, by emailing a press release displaying the TRAX RECORDS trademark. Then, in October 2022, Defendant allegedly infringed the Trax Records Trademark and the Phuture Trax Trademark when it used the phrase "TRAX 2 the PHUTURE" commercially to advertise a House Music festival in Amsterdam. And finally, Plaintiffs allege Defendant infringed the Trax Records Trademark by using the phrase "TRAX RECORDS" on its website. Following this conduct, Plaintiffs sent a cease-and-desist letter, to which Defendant did not respond. Plaintiffs filed this lawsuit on January 24, 2023.

Now before the Court is Defendant's Motion to Dismiss arguing for lack of personal jurisdiction. Plaintiff has not opposed.

## LEGAL STANDARD

When a non-resident defendant challenges the court's personal jurisdiction, "the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[4] When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.[5] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in

---

[3] *Id.* The Phuture Trax Trademark has United States Patent and Trademark Office Registration Number 97669690 (formerly Registration Number 3590325).

[4] Luv N'care, Ltd. v. Insta–Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)).

[5] Guidry v. U.S. Tobacco, Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999).

the facts must be resolved in favor of the plaintiff[] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[6] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[7] The court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[8]

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.[9] In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[10]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'"[11] A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[12]

---

[6] Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270 (5th Cir. 1983)).

[7] Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir. 1996).

[8] Id. (citing Colwell Realty Invs. v. Triple T. Inns of Ariz., 785 F.2d 1330 (5th Cir. 1986)).

[9] Dalton v. R&W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990).

[10] Pervasive Software Inc. v. Lexware GMBH & Co. KG, 688 F.3d 214, 220 (5th Cir. 2012) (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 319 (1945)).

[11] Pervasive Software Inc., 688 F.3d at 220 (quoting Int'l Shoe, 326 U.S. at 319).

[12] Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (quoting Int'l Shoe, 326 U.S. at 316).

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[13] Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities toward or availed itself of the privileges of conducting its activities in the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable.[14] General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[15]

## LAW AND ANALYSIS

Defendant argues that this Court lacks personal jurisdiction. Plaintiffs have not filed an opposition to this Motion. Though Plaintiffs have not filed an opposition, the Court may not simply grant the motion as unopposed.  The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[16]  Accordingly, this Court has considered the merits of Defendant's motion.

At the outset, the Court notes that general jurisdiction can be exercised over an individual where they are domiciled.[17] Defendant is a domiciled in Illinois and submitted an affidavit supporting this fact.[18] As such, it is

---

[13] Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000).

[14] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

[15] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

[16] See, e.g., Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[17] Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 922 (2011).

[18] Doc. 9-2.

apparent that the Court may not exercise general jurisdiction over Defendant and the Court will focus on whether it has specific jurisdiction over Defendant.

The relationship required for specific jurisdiction "must arise out of contacts that the 'defendant himself' creates with the forum State."[19] Further, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.[20] Taking Plaintiffs' allegations as true, and resolving all factual disputes in their favor, this Court finds that it may not exercise specific jurisdiction over Defendant. Defendant's alleged contacts with this state are insufficient to show that she targeted or availed herself of the privileges and benefits of the forum state. Specifically, Plaintiffs allege as follows:

(1) On September 6, 2022, Defendant, through her promoter Greg Roselli, issued a press release displaying the Trax Records Trademark;[21]

(2) Defendant infringed the Trax Records Trademark and the Phuture Trax Trademark commercially in October 2022 by advertising a House Music festival in Amsterdam, and promoting a Trax Records artist on a House music panel;[22]

(3) Defendant's promoter has used and continues to use the trademark on Rights, Inc.'s website to promote Defendant's services.

The Court will first address whether the press release constitutes purposeful availment or targeting of the forum state. Defendant submitted Greg Roselli's affidavit which states that this press release was emailed to

---

[19] Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014) (quoting *Burger King Corp.*, 471 U.S. at 475).
[20] *Id.*
[21] Doc. 1 at 4; Doc. 1-4.
[22] Doc. 1 at 5.

various newspapers, none of which ultimately published the press release.[23] None of the individuals or the publications Roselli emailed are Louisiana citizens, and he attests that he was the only one to disseminate the press release.[24] Furthermore, the content of the press release does not discuss or target Louisiana. This allegation has no connection to Louisiana and does not support a finding that Defendant purposefully availed herself of or targeted the forum state.

Plaintiffs' other allegations are that Defendant infringed the trademarks with content published on websites—the Amsterdam Dance Event website ("the ADE Website"), and the Rights Inc., Ltd. website ("the Rights Inc. Website"). Defendant argues that neither website is sufficient to establish specific jurisdiction.

The Fifth Circuit has stated that "[m]erely running a website that is accessible in all 50 states, but that does not specifically target the forum state, is not enough to create the 'minimum contacts' necessary to establish personal jurisdiction in the forum state under *International Shoe Co. v. Washington*."[25] In *Mink v. AAAA Development LLC*, the Fifth Circuit adopted the *Zippo* test that looks to the "'nature and quality of commercial activity that an entity conducts over the Internet.'"[26] The *Zippo* test fundamentally seeks to asses whether the defendant has targeted the forum state.[27] "Under Zippo, a defendant has purposefully availed itself of the benefits and protections of the forum state if it 'enters into contracts with residents of [the] foreign jurisdiction

---

[23] Doc. 9-3. Greg Roselli is the Managing Director of Rights Inc., Ltd., a rights management company that helps artists and music companies internationally. He is also Irene Mayzel Barnes's business manager.

[24] *Id.*

[25] Admar Int'l, Inc. v. Eastrock, L.L.C., 18 F.4th 783, 785 (5th Cir. 2021).

[26] Mink v. AAAA Development LLC, 190 F.3d 333, 336 (5th Cir. 1999) (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. Jan. 16, 1997)).

[27] *Admar Int'l.,* 19 F. 4th at 785.

that involve the knowing and repeated transmission of computer files over the Internet.'"[28] A defendant, however, does not avail themself of the benefits and protections of the forum state "by posting information on a passive website."[29] Under this framework, the Court will analyze each website individually.

      *i.*    *The ADE Website*

Defendant concedes that the ADE Website is not passive, as "viewers can RSVP to the event(s), create an account, and make purchases."[30] However, Defendant argues that despite its interactivity, she did not purposefully target any Louisiana residents, and thus, she did not purposefully avail herself of the privileges of doing business in Louisiana.

The Court agrees that the ADE Website is not passive, as it allows users to RSVP, create accounts, and make purchases. There is no evidence, however, that the ADE website targeted Louisiana, or that Defendant entered into contracts with Louisiana residents.[31] As such, the ADE website falls in the middle of the *Zippo* spectrum, and the Court must assess the level of interactivity to the extent "it reflects . . . purposeful targeting of the residents of the forum state."[32]

The Court finds that the ADE Website bears substantial similarities to the website in *Admar International, Inc. v. Eastrock, L.L.C.* In *Admar International,* the Fifth Circuit held that while the website was interactive, there was no evidence that the website targeted Louisiana residents, that any

---

[28] *Id.* at 786 (quoting *Zippo Mfg. Co.,* 952 F. Supp. at 1124).

[29] *Id.*

[30] Doc. 9-1 at 17.

[31] *Admar Int'l.,* 18 F.4th at 787 ("Missing here is any evidence that Eastrock's website specifically targets Louisiana.").

[32] *Id.* (quoting *Pervasive Software Inc.,* 688 F.2d at 228). In *Admar,* the Fifth Circuit held that a website which allowed customers to create accounts, review products, and receive purchases was more than passive. The court stated that because there was no evidence the defendant had engaged in business transactions or entered into contracts with residents of the forum state, the website fell in the middle of the *Zippo* spectrum. *Id.*

single product had been sold to a Louisiana resident, or that there was any advertising which solicited business in Louisiana.[33] In so stating, the court held that it could not exercise personal jurisdiction over the defendant only based upon a website which was accessible in the forum state.[34] The ADE Website, similarly, does not target Louisiana. Although Louisiana residents can interact with the ADE Website, there is no evidence that any Louisiana Resident RSVP'd to the Amsterdam Dance Event, created an account, or purchased a product. Furthermore, the ADE Website was advertising an event which occurred in Amsterdam, thousands of miles from Louisiana, and does not target the state of Louisiana, or even the United States, in any way. The Court finds that the ADE website does not constitute the type of purposeful availment necessary to exercise personal jurisdiction under established principles of due process.

ii.    *The Rights Inc. Website*

Defendant argues that the Rights Inc. Website is passive under the *Zippo* analysis, foreclosing a finding that she purposefully availed herself of the forum state's benefits or targeted Louisiana. The Court agrees that the Rights Inc. Website is passive under *Zippo*. The full extent of interaction with users is a listing of contact information, which includes an email address and a physical address.[35] The website lists the services which Rights Inc. offers but does not allow online ordering or the exchanging of information with users.[36]

---

[33] *Id.* ("That ends this case.").

[34] *Id.* at 788 ("Merely running a website that is accessible in the forum state does not constitute the purposeful availment required to establish personal jurisdiction under longstanding principles of due process.").

[35] Wildlife Outfitters, LLC v. Buckshot Prod., LLC, No. CV 11-119, 2011 WL 13214363, at *4 (M.D. La. Nov. 14, 2011) (stating that the website was passive where the extent of interaction with users was contact information and suggested shipping terms, pricing figures, and product descriptions).

[36] Mink v. AAAA Dev. LLC, 190 F.3d 333, 337 (5th Cir. 1999) ("the presence of an electronic mail access, a printable order form, and a toll-free phone number on a website, without more,

The Rights Inc. Website is an insufficient to give rise to personal specific jurisdiction.

Plaintiff provides no other allegations of minimum contacts with the state of Louisiana, only the blanket statement that there is personal jurisdiction over Defendant "because . . . Defendant is engaged in tortious conduct within this State and District, including by using Plaintiffs' trademark throughout the world and within the United States and in this State."[37] This is insufficient to establish specific jurisdiction over Defendant. Based upon the evidence submitted, the Court holds that Defendant did not have minimum contacts with Louisiana, as she did not direct any activities at the state of Louisiana or avail herself of any benefits of doing business in Louisiana. The Court, thus, does not need to address whether the cause of action arises out of Defendant's contacts with the state, or whether the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice."[38]

## <u>CONCLUSION</u>

Based on the foregoing, Defendant's Motion to Dismiss is **GRANTED.** Plaintiffs' claims against Defendant are **DISMISSED WITHOUT PREJUDICE.**

---

is insufficient to establish personal jurisdiction. Absent a defendant doing business over the Internet or sufficient interactivity with residents of the forum state, we cannot conclude that personal jurisdiction is appropriate").

[37] Doc. 1 at 2.

[38] *Int'l Shoe*, 326 U.S. at 316.

New Orleans, Louisiana this 5th day of May, 2023.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**